IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANE DOE,

           Plaintiff,

v.                                      CIVIL ACTION NO. 2:21-cv-00491

THE CITY OF GAULEY BRIDGE et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff's Motion to Appoint a Guardian ad Litem to Accept Service of Process of the Summons and Complaint on Behalf of the Incarcerated Defendant, Larry Allen Clay, Jr. (ECF No. 6.) For the reasons discussed below, the motion is **GRANTED**.

                                      I.    BACKGROUND

      This 42 U.S.C. § 1983 action arises out of incidents where Defendant Larry Clay ("Defendant Clay") allegedly sexually assaulted Plaintiff Jane Doe ("Plaintiff") in June 2020 while acting under color of law and within the scope of his employment as the Chief of the Gauley Bridge Police Department. (ECF No. 1.) Plaintiff filed the present lawsuit on September 1, 2021. (*Id.*)

      On October 1, 2021, Plaintiff filed the pending motion to appoint a guardian ad litem ("GAL") for Defendant Clay. (ECF No. 6.) No response was filed. As such, this unopposed motion is fully briefed and ripe for adjudication.

## II. DISCUSSION

Plaintiff moves the Court to appoint a GAL for the limited purpose of accepting service of process on behalf of Defendant Clay. (ECF No. 6 at 2, ¶ 5.) Pursuant to the Federal Rules of Civil Procedure, "for an individual who is not acting in a representative capacity," the individual's capacity to be sued is determined "by the law of the individual's domicile[.]" Fed. R. Civ. P. 17(b)(1). Thus, as an initial matter, the Court must first determine Defendant Clay's domicile to establish what state law governs his capacity. Then, the Court will address Plaintiff's motion.

A. *Domicile*

A person's domicile is determined by "their physical presence in a place . . . . [with an] intent to remain there." *Evans v. TRG Customer Sols., Inc.*, No. 2:14-00663, 2014 WL 1794866, at *3 (S.D. W. Va. May 6, 2014) (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Inmates are presumed to retain the domicile they had prior to their incarceration. *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (per curiam); *see also Jones v. Hadican*, 552 F.2d 249 (8th Cir.), *cert. denied*, 431 U.S. 941 (1977). This is because a change of domicile requires a voluntary act, which cannot be accomplished by virtue of the legal and physical compulsion of imprisonment. Restatement (Second) of Conflict of Laws § 17 (1971).

Plaintiff's motion does not include allegations regarding Defendant Clay's domicile. Instead, Plaintiff only states that Defendant Clay is currently incarcerated at the Carter County Detention Center ("CCDC") in Grayson, Kentucky. (ECF No. 6 at 1, ¶ 1.) However, Defendant Clay's place of incarceration is different that his domicile. Rather, according to the Complaint, Defendant Clay is a resident of Fayette County, West Virginia. (ECF No. 1 at 2, ¶ 7.) Similarly, the CCDC website lists Defendant Clay's address as Fayetteville, West Virginia. Thus,

Defendant Clay's domicile is presumed to be West Virginia, and the West Virginia Rules of Civil Procedure determine his capacity.

### B. *Defendant Clay's Capacity*

Under West Virginia law, an incarcerated individual does not have the capacity to consent to service. *See* W. Va. R. Civ. P. 17(c). Specifically, West Virginia Rule of Civil Procedure 17(c) provides that, if an incarcerated individual does not have a duly authorized representative, the Court must appoint an attorney as GAL, who is "deemed a party for the purpose of service[.]" W. Va. R. Civ. P. 17(c). The rule further provides that, "failure to serve a guardian ad litem in circumstances where service upon a party is required constitutes failure to serve a party." *Id.* Because Defendant Clay is currently incarcerated at CCDC, he is an incapacitated person entitled to a GAL under West Virginia law

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion, (ECF No. 6), and will appoint a GAL for Defendant Clay for the limited purpose of effecting service of process upon him. The Court further **ORDERS** Plaintiff to file a proposed order consistent with this opinion that: (1) leaves a blank space for the name of the GAL that the Court will appoint; and (2) indicates how the GAL is to be compensated. The proposed order should also advise the GAL to promptly provide written notice to the Court when a copy of that which is served upon him or her has been delivered to Defendant Clay, accompanied by a writing signed by Defendant Clay indicating whether he is engaging counsel to represent him in this action. Furthermore, pursuant to Federal Rule of Civil Procedure 4(m), good cause exists to extend the time limit for service upon Defendant

Clay, and Plaintiff has sixty (60) days from entry of this Order in which to effectuate service upon Defendant Clay.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 9, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE