IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JANE DOE,**

    **Plaintiff**

v.                                                                     Civil Action No. 2:21-cv-00491
                                                                   (Honorable Thomas E. Johnston)

**THE CITY OF GAULEY BRIDGE and
LARRY ALLEN CLAY, JR.
Individually as a member of the
Gauley Bridge Police Department,**

    **Defendants.**

**MEMORANDUM IN SUPPORT OF
DEFENDANT THE CITY OF GAULEY BRIDGE'S MOTION TO DISMISS**

Defendant The City of Gauley Bridge's ("Gauley Bridge") Motion to Dismiss presents the following three questions for the Court to decide:

1. Under the Governmental Tort Claims and Insurance Reform Act, a municipality can be vicariously liable only for the negligent acts of its employees committed within the scope of their employment. Plaintiff alleges that Gauley Bridge's police chief sexually assaulted her. Is the police chief's alleged sexual assault a negligent act within the scope of his employment for which Gauley Bridge can be held vicariously liable?

2. Negligent hiring, supervision, and retention claims all center on whether an employer was on notice of the employee's propensity for tortious conduct yet failed to prevent that conduct. Plaintiff does not allege any facts about Gauley Bridge's hiring, supervision, or retention of its police chief; nor does she allege any past misconduct putting Gauley Bridge on notice of a propensity for misconduct. Has Plaintiff stated a plausible claim for negligent hiring, supervision, or retention?

3. A negligent supervision claim requires underlying negligent conduct of the supervised employee. Plaintiff alleges that Gauley Bridge's police chief sexually assaulted her. Is the police chief's alleged sexual assault negligent conduct that can form the basis of a negligent supervision claim against Gauley Bridge?

14121232

As fully set forth below, Defendant Larry Allen Clay, Jr.'s alleged sexual assault of Plaintiff was an intentional act, manifestly outside the scope of his employment. Gauley Bridge cannot be held vicariously liable for Mr. Clay's alleged criminal conduct. Furthermore, Plaintiff fails to allege any facts to state a plausible claim of negligent hiring, negligent supervision, or negligent retention against Gauley Bridge. Consequently, the Court should dismiss all counts against Gauley Bridge.

## I.  STATEMENT OF RELEVANT FACTS[1]

During the relevant time period, Plaintiff Jane Doe was seventeen years old and lived with her former stepfather, Charles Legg, and his wife, Kristen Naylor-Legg. (Compl. ¶¶ 10-11). Ms. Naylor-Legg began an affair with Mr. Clay, who was the Gauley Bridge Police Chief during the relevant time period. *Id.* at ¶¶ 7, 12.

Mr. Clay allegedly began to express sexual interest in Plaintiff, and he ultimately agreed to pay Ms. Naylor-Legg if she could arrange for him to have sexual intercourse with Plaintiff. *Id.* at ¶¶ 13-22. Mr. Clay allegedly was aware that Plaintiff was a minor. *Id.* at ¶ 23. During June 2020, Mr. Clay allegedly had intercourse with Plaintiff on two occasions, for both of which he paid Ms. Naylor-Legg. *Id.* at ¶¶ 22-42. Plaintiff characterizes Mr. Clay's acts as "sexual assault." *Id.* at ¶¶ 3, 57.

Plaintiff reported Mr. Clay's acts to the Fayette County Sheriff's Department in September 2020. *Id.* at ¶ 45. Plaintiff's complaint led to a criminal investigation of Mr. Clay and Ms. Naylor-Legg. *Id.* As a result of the criminal investigation, Mr. Clay was charged with Sex Trafficking of

---

[1] The following facts, taken from the Complaint, are accepted as true only for purposes of this Motion.

14121232

a Minor and Conspiracy to Commit Sex Trafficking of a Minor. *Id.* at ¶ 54. Gauley Bridge terminated Mr. Clay's employment. *Id.* at ¶ 55.

In this civil action, Plaintiff brings ten counts, nine of which are directed against Gauley Bridge: vicarious liability for Mr. Clay's alleged assault, battery, negligence, gross negligence, *prima facie* negligence, and intentional infliction of emotional distress (Counts II through VII); and direct claims of negligent hiring, negligent supervision, and negligent retention (Counts VIII through X).

## II.  STANDARD OF DECISION

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). A plaintiff must make sufficient factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The allegations in the complaint must "advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

"[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Courts also should not consider "unwarranted inferences, unreasonable conclusions, or arguments." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

Furthermore, when immunities are implicated in West Virginia state law claims, courts must insist on heightened pleading. *W. Va. Reg'l Jail & Corr. Facility Auth. v. Estate of Grove*, 244 W. Va. 273, ___, 852 S.E.2d 773, 780 (2020). And the West Virginia Supreme Court of

Appeals holds that "[i]n absolute statutory immunity cases, the lower court has little discretion, and the case must be dismissed if one or more of the provisions imposing absolute immunity applies." *Hutchison v. City of Huntington*, 198 W. Va. 139, 148, 479 S.E.2d 649, 658 n.10 (1996).

## III. ARGUMENT

Mr. Clay's actions, as alleged by Plaintiff, were undoubtedly despicable. They also were intentional, criminal acts, however. Because Mr. Clay's alleged acts were intentional, criminal acts manifestly outside the scope of his employment as Police Chief, Gauley Bridge is absolutely immune under the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code §§ 29-12A-1 – 18 (the "Tort Claims Act") from any vicarious liability claims. Additionally, Plaintiff does not allege any facts about Gauley Bridge's hiring, supervision, or retention of Mr. Clay, nor does she allege any facts that would indicate Gauley Bridge should have been on notice that he might commit the unlawful acts described in the Complaint. Therefore, she has failed to state a plausible direct claim of negligent hiring, supervision, or retention. Finally, because Mr. Clay's acts were intentional, not negligent, West Virginia law is clear that Plaintiff cannot state a negligent supervision cause of action. For all these reasons, the Court should dismiss all claims against Gauley Bridge, leaving Plaintiff to focus on the person who allegedly caused her harm—Mr. Clay.

### A. Gauley Bridge Cannot Be Held Vicariously Liable for the Criminal Conduct of Mr. Clay That Was, as a Matter of Law, Outside the Scope of His Employment (Counts II, III, IV, V, VI, and VII).

Under the Tort Claims Act, Gauley Bridge is immune from liability for the tortious conduct of its employees that is outside the scope of their employment. Mr. Clay's alleged sexual assault of Plaintiff was, as a matter of law, outside the scope of his employment with Gauley Bridge. Accordingly, Gauley Bridge is absolutely immune from Plaintiff's vicarious liability claims.

4

While political subdivisions such as Gauley Bridge can be held vicariously liable for their employees' acts, they are only liable for acts or omissions that are within the scope of employment: "Political subdivisions are liable for injury. . . caused by the negligent performance of acts by their employees *while acting within the scope of employment*." W. Va. Code § 29-12A-4(c)(2) (emphasis added). Conversely, when the exception in § 29-12A-4(c) does *not* apply, "a political subdivision is not liable in damages in a civil action for injury. . . allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision[.]" *Id.* at § 29-12A-4(b)(1).

Under West Virginia law, "sexual assaults committed on the job are not within the employee's scope of employment." *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 510–11, 766 S.E.2d 751, 769–70 and n.25 (2014) (citing cases from the "overwhelming majority" of jurisdictions). Similarly, this Court recognizes that "[s]exual assaults perpetrated by an employee while on duty are not within the scope of the employee's employment." *Searls v. W. Va. Reg'l Jail*, No. CV 3:15-9133, 2016 WL 4698547, at *3 (S.D.W. Va. Sept. 7, 2016) (granting motions to dismiss vicarious liability claims arising from alleged sexual assault by government employee while on duty). Plaintiff's claims all arise from Mr. Clay's alleged sexual assault and therefore involve acts not within the scope of his employment. Gauley Bridge cannot be found liable for Mr. Clay's conduct.

It is inconsequential in determining Gauley Bridge's immunity that Mr. Clay was allegedly on duty during the relevant incidents; his alleged conduct was nonetheless outside the scope of his employment. Plaintiff points out in the Complaint that Mr. Clay was on duty and in uniform when he sexually assaulted her. (Compl. ¶¶ 26-27, 37). Plaintiff further notes that both alleged sexual assaults occurred in either a Gauley Bridge police cruiser or in a building owned by Gauley Bridge.

5

*Id.* at ¶¶ 29, 35-37.  Yet, "the mere proximity and opportunity that his job provided to commit such acts do not, alone, bring them within the scope of his employment." *A.B.*, 234 W. Va. at 510, 766 S.E.2d at 769.  Even though the alleged sexual assaults at issue occurred while Mr. Clay was on duty, they still were not within the scope of his employment.  *Searls*, 2016 WL 4698547, at *3. "[T]there can be no question that these acts, as alleged, are in no way an 'ordinary and natural incident' of the duties with which he was charged by [Gauley Bridge] and in no way furthered the purposes of [Gauley Bridge]." *See A.B.*, 234 W. Va. at 513, 766 S.E.2d at 772 (concluding that government agency was entitled to immunity from vicarious liability claims arising out of correctional officer's alleged rape of an inmate).

Not only were Mr. Clay's alleged acts tortious, they were also criminal.  The Court may take judicial notice that Mr. Clay is currently facing criminal charges in this Court.  *See United States v. Clay*, Criminal Action No. 2:21-cr-00062-01.[2]  Mr. Clay's duties as Police Chief were to enforce the law, not violate it.  Therefore, violating criminal law cannot reasonably be considered within the scope of Mr. Clay's employment as Gauley Bridge's chief law enforcement officer.

Mr. Clay's sexual assaults of Plaintiff, as alleged in the Complaint, were manifestly outside the scope of his employment as Police Chief.  Consequently, Gauley Bridge is immune under the Torts Claims Act from any vicarious liability claims arising out of Mr. Clay's alleged acts. Furthermore, as discussed next, Gauley Bridge is also immune because Mr. Clay's acts were intentional.

---

[2] One of the most frequent uses of judicial notice is noticing the content of court records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

14121232

### B. Gauley Bridge Is Absolutely Immune from Vicarious Liability from Plaintiff's State Law Intentional Tort Claims (Counts II, III, and VII).

Not only does the Tort Claims Act immunize political subdivisions from acts of their employees that are outside the scope of employment, it also immunizes political subdivisions from vicarious liability for their employees' intentional torts. Accordingly, Gauley Bridge is absolutely immune from vicarious liability for Plaintiff's claims of assault, battery, and intentional infliction of emotional distress. All of these causes of action involve intentional torts. Therefore, the Court should dismiss Counts II, III, and VII as they apply to Gauley Bridge.

"Political subdivisions are liable for injury. . . caused by the *negligent* performance of acts by their employees while acting within the scope of employment." W. Va. Code § 29-12A-4(c)(2) (emphasis added). "Inasmuch as the immunity of political subdivisions yields only to negligence-based acts or functions, political subdivisions cannot be held liable for the intentional torts of their employees." *McHenry v. City of Dunbar/Dunbar Police Dep't*, No. 2:19-CV-00393, 2020 WL 3854084, at *2 (S.D.W. Va. July 8, 2020) (internal quotation and citation omitted); *Zirkle v. Elkins Rd. Pub. Serv. Dist.*, 221 W. Va. 409, 414, 655 S.E.2d 155, 160 (2007) (concluding that "claims of intentional and malicious acts are included in the general grant of immunity" provided by the Tort Claims Act).

Counts II, III, and VII fail to state a claim against Gauley Bridge because they involve intentional torts by Mr. Clay. Intent is an essential element of a battery claim. Syl. Pt. 8, *W. Va. Fire & Cas. Co. v. Stanley*, 216 W. Va. 40, 602 S.E.2d 483 (2004). The West Virginia Supreme Court recognizes that "assault and battery are intentional torts." *Flowers v. Max Specialty Ins. Co.*, 234 W. Va. 1, 11, 761 S.E.2d 787, 797 (2014). Indeed, this Court and the Supreme Court of Appeals have expressly held that political subdivisions are immune from the three causes of action Plaintiff brings in Counts II, III, and VII. *Myers v. City of Charleston*, Civil Action No. 2:19-cv-

7

00757, 2020 WL 4195005, at *11-13 (S.D.W. Va. July 21, 2020) (finding Tort Claims Act immunized political subdivision from claims of assault, battery, and intentional infliction of emotional distress); *Helms v. Carpenter*, No. 16-1070, 2017 WL 5513618, at *7 (W. Va. Nov. 17, 2017) (memorandum decision) ("Petitioner's intentional tort claims (intentional infliction of emotional distress; outrage; and battery) cannot stand because a political subdivision cannot be held liable for intentional torts.").

The law is clear that a political subdivision of the state such as Gauley Bridge is immune from liability for the intentional torts of its employees. Consequently, Plaintiff fails to state a claim against Gauley Bridge in Counts II, III, and VII upon which relief may be granted. The Court should therefore dismiss these counts as they apply to Gauley Bridge. Similarly, as set forth below, Gauley Bridge is also immune from vicarious liability from Plaintiff's negligence claims because Plaintiff's factual allegations describe intentional conduct, not negligence.

### C. Plaintiff Fails to State a State Law Negligence Tort Claim Because Her Allegations Describe Intentional, Not Negligent, Conduct (Counts IV, V, and VI).

Although Plaintiff characterizes Counts IV (negligence), V (gross negligence), and VI (*prima facie* negligence) as negligence claims, this does not change the fact that all the allegations in the Complaint describe intentional conduct. Therefore, Plaintiff fails to state a claim in these counts.

"In a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages." *C.C. v. Harrison Cty. Bd. of Educ.*, 245 W. Va. 594, ___, 859 S.E.2d 762, 771 (2021) (internal quotation and citation omitted). "Ordinary negligence and gross negligence generally involve the same basic elements, differing only in the degree of actionable inattention on the defendant's part." *City of Charleston, W. Va. v. Joint Comm'n*, 473

8

F. Supp. 3d 596, 625 (S.D.W. Va. 2020). Moreover, violation of a statute is considered *prima facie* evidence of negligence. *C.C.*, 859 S.E.2d at 771.

The factual allegations in the Complaint all describe intentional conduct by Mr. Clay. Plaintiff characterizes his actions as "sexual assaults." (Compl. ¶ 57). Plaintiff further alleges that Mr. Clay "deliberately injured" her. *Id.* at ¶ 63. She repeatedly alleges that his acts were "willful and wanton" and "malicious" and "in intentional disregard for the rights owed to Plaintiff." *Id.* at ¶¶ 68, 72, 84, 92, 98, 106. Again, Plaintiff clearly alleges Mr. Clay committed intentional torts; she alleges that he acted "with intent" and "with the intention of causing harmful or offensive contact" *Id.* at ¶¶ 70, 75, 102.

"Negligence and wilfulness are mutually exclusive terms [.]" *Stone v. Rudolph*, 127 W. Va. 335, 32 S.E.2d 742, 748 (1944); *see also W. Va. Fire & Cas. Co.*, 216 W. Va. at 54, 602 S.E.2d at 497 (noting that use of the term "negligent" does not change allegations that describe intentional conduct); *Evans v. Swisher*, No. 1:15CV54, 2016 WL 4275748, at *6 (N.D.W. Va. Aug. 12, 2016) ("Simply claiming that actions could be negligent or grossly negligent does not negate the intentional nature of the actions pled in [plaintiff]'s factual allegations."). Indeed, it is hard to conceive how Mr. Clay could negligently have intercourse with Plaintiff, especially given that he allegedly expressed sexual interest in Plaintiff (Compl. ¶ 13), allegedly arranged for Ms. Naylor-Legg to bring Plaintiff to him (*Id.* at ¶¶ 22, 25, 34), and allegedly paid Ms. Naylor-Legg after each episode of intercourse with Plaintiff. (*Id.* at ¶¶ 30, 42). Despite Plaintiff's characterization of her causes of action otherwise, all the factual allegations describe intentional conduct that cannot give rise to any variation of a negligence claim.[3]

---

[3] Moreover, because Plaintiff's allegations describe intentional conduct, Gauley Bridge would nevertheless be statutorily immune because a political subdivision is only liable for *negligent* conduct, not intentional conduct. W. Va. Code § 29-12A-4(c).

9

14121232

Moreover, Plaintiff's *prima facie* negligence count fails to state a claim for the additional reason that Plaintiff does not identify a statute that Mr. Clay could have violated. Plaintiff alleges that Mr. Clay violated 18 U.S.C. § 3142(g)(1). *Id.* at ¶¶ 95-96. This statute deals with the factors to be considered by a judicial officer when deciding whether the accused should be released or detained pending trial. 18 U.S.C. § 3142. Plaintiff alleges no facts to show how Mr. Clay violated this statute. Indeed, it is difficult to see how it would be possible for him to violate a statute directed to judicial officers.[4]

Plaintiff's allegations of intentional conduct by Mr. Clay fail to state any of the variations of a negligence claim she asserts. For this additional reason, the Court should dismiss Counts IV, V, and VI as they apply to Gauley Bridge.

**D.  Plaintiff Does Not Make Sufficient Factual Allegations to State a Plausible Claim of Negligent Hiring, Negligent Supervision, or Negligent Retention (Counts VIII, IX, and X).**

Plaintiff fails to state a plausible claim of negligent hiring, negligent supervision, or negligent retention. Plaintiff does not make any specific factual allegations that, if true, would put Gauley Bridge on notice that Mr. Clay had a propensity to commit wrongdoing; indeed, Plaintiff makes no factual allegations at all about Gauley Bridge's hiring, supervision, or retention of Mr. Clay. Therefore, the Court should dismiss Counts VIII, IX, and X.

Claims of negligent hiring, supervision, or retention concern an employer's liability for hiring, supervising, or retaining an employee whom the employer knew, or should have known, posed a risk to third parties because of the employee's propensity to commit misconduct. *Tolliver*

---

[4] Even if Plaintiff were to amend this count to identify the correct statute under which Mr. Clay is charged, 18 U.S.C. § 1591, that statute requires intentional conduct—that the accused "knowingly" trafficked a minor while "knowing" that she was a minor. 18 U.S.C. § 1591(a). Thus, this statute could not support a negligence claim, and in any event, Gauley Bridge would be immune from vicarious liability from Mr. Clay's intentional conduct outside the scope of his employment.

10

14121232

*v. City of Dunbar*, No. 2:21-CV-00011, 2021 WL 5056081, at *3 (S.D.W. Va. Nov. 1, 2021). "The analysis focuses on whether (1) the employer (a) was on notice of the employee's propensity, (b) yet unreasonably failed to take action, and (2) a third-party was harmed from the employee's tortious conduct." *Id.*

Plaintiff has not alleged any facts to show that Gauley Bridge was on notice that Mr. Clay had a propensity for misconduct or that it unreasonably failed to take proper action in his hiring, supervision, or retention. Plaintiff merely recites the elements of these causes of action, with no factual allegations to support them. Plaintiff alleges "upon information and belief" that there was something, somewhere in Mr. Clay's past, that showed he had a history of unspecified prior negligent acts and misconduct at some point in his employment, not as Gauley Bridge's Police Chief, but as a Fayette County Sheriff's Deputy. (Compl. ¶¶ 112-13). Plaintiff claims that Gauley Bridge did not conduct a reasonable background investigation of Mr. Clay but fails to identify how Gauley Bridge's background investigation was inadequate. *Id.* at ¶ 111. Plaintiff similarly alleges "upon information and belief" that Gauley Bridge did not adequately supervise Mr. Clay, without specifying what it is that Gauley Bridge did in the supervision of Mr. Clay that was inadequate. *Id.* at ¶ 121. Plaintiff further alleges, again "upon information and belief," that Gauley Bridge retained Mr. Clay, even though it knew or should have known that he was an unfit employee for unspecified reasons. *Id.* at ¶ 130. Indeed, the reasonable inference from the allegations in the Complaint are that Gauley Bridge terminated Mr. Clay's employment upon learning of his alleged misconduct involving Plaintiff. *Id.* at ¶ 55. Not only does Plaintiff not allege any facts that would show Gauley Bridge was on notice that Mr. Clay had a propensity for misconduct, she does not allege any facts to infer that *any* Gauley Bridge employee had committed misconduct in the past.

11

*See Tolliver*, 2021 WL 5056081, at *3 (noting that plaintiff had not pled sufficient factual allegations to even demonstrate a propensity for tortious conduct by any city police officer).

Plaintiff's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" fail to state a claim of negligent hiring, negligent supervision, or negligent retention. *See Nemet Chevrolet, Ltd.*, 591 F.3d at 255. This Court, as well as others, has dismissed negligent hiring, supervision, and retention claims when the plaintiffs did not allege any facts to infer that an employer was on notice of its employee's propensity for misconduct. *See, e.g.*, *Tolliver*, 2021 WL 5056081, at *3 (granting motion to dismiss negligent hiring, supervision, and retention claims when plaintiff did not allege any facts to reasonably infer that the city was on notice of an officer's alleged propensity for wrongdoing or how the city unreasonably failed to take action to prevent the officer from harming others); *Myers v. City of Charleston*, No. 2:19-CV-00757, 2020 WL 4195005, at *14 (S.D.W. Va. July 21, 2020), *reconsideration denied*, No. 2:19-CV-00757, 2020 WL 6702034 (S.D.W. Va. Nov. 13, 2020) (granting motion to dismiss negligent training, supervision, and retention claims when plaintiff merely alleged upon information and belief that city knew of repeated prior wrongful acts of employees but did not specify what those acts were); *C.C.*, 859 S.E.2d at 773 (affirming dismissal of negligent hiring claim when plaintiff did not allege any facts regarding the employer's initial decision to hire the employee or any irregularities in the employee's hiring); *id.* at 775 (affirming dismissal of negligent supervision claim when plaintiff pled no facts to explain how the employer allegedly was negligent in supervising its employee).

Plaintiff's factual allegations regarding Mr. Clay's propensity for misconduct before the incidents at issue here, Gauley Bridge's hiring of Mr. Clay, Gauley Bridge's supervision of Mr. Clay, and Gauley Bridge's retention of Mr. Clay as an employee are woefully inadequate to state

12

a claim. Because Rule 8 does not open the doors of discovery to a plaintiff who simply makes conclusory allegations, the Court should dismiss Counts VIII, IX, and X. *See Tolliver*, 2021 WL 5056081, at *3. Furthermore, as addressed below, the Court should also dismiss Count IX for the additional reason that Mr. Clay's alleged intentional conduct cannot give rise to a negligent supervision claim.

      **E.**      **Plaintiff's Negligent Supervision Count Fails to State a Claim Because Plaintiff Does Not Allege Any Negligent Conduct by Mr. Clay (Count IX).**

Besides the fact that Plaintiff fails to allege any facts whatsoever about Gauley Bridge's supervision of Mr. Clay, her negligent supervision claim also fails to state a recognized claim because Mr. Clay's alleged conduct was intentional. Under West Virginia law, a negligent supervision claim requires negligent, not intentional, conduct by the employee. For this additional reason, the Court should dismiss Count IX.

"West Virginia does not recognize a claim for negligent training or supervision without an underlying claim for employee negligence." *Carroll v. USAA Sav. Bank*, No. CV 3:16-11120, 2017 WL 811491, at *3 (S.D.W. Va. Mar. 1, 2017). The West Virginia Supreme Court of Appeals affirmed this holding just last year. *C.C.*, 859 S.E.2d at 774 (holding that a negligent supervision claim "requires, as a predicate prerequisite . . ., underlying conduct of the supervised employee that also is negligent."); *see also*, *Heslep v. Americans for Afr. Adoption, Inc.*, 890 F. Supp. 2d 671, 687 (N.D.W. Va. 2012) ("[A] claim for negligent supervision requires a separate finding of negligence on the part of the employee being supervised.")

As previously discussed in Section III.C. above, all of the factual allegations in the Complaint involve Mr. Clay's intentional sexual assault of Plaintiff. As Plaintiff alleges only intentional conduct by Mr. Clay, she fails to assert underlying negligence in the Complaint. Without the necessary allegations of underlying employee negligence, a separate claim against

13

14121232

Gauley Bridge for negligent supervision fails as a matter of law. *See Carroll*, 2017 WL 811491, at *3 (dismissing negligent supervision claim when plaintiff only alleged intentional conduct by the employee).

Besides failing to allege any facts regarding Gauley Bridge's supervision of Mr. Clay, Plaintiff also fails to state a negligent supervision claim because she does not allege any underlying negligent conduct by Mr. Clay. Therefore, the Court should dismiss Count IX for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

Plaintiff's Complaint raises allegations of intentional, criminal sexual assault by Mr. Clay. The law is well-established that a political subdivision such as Gauley Bridge is immune from vicarious liability arising from its employee's intentional torts and conduct that was outside the scope of employment. Furthermore, Plaintiff offers nothing more than bare conclusions of negligent hiring, supervision, and retention of Mr. Clay by Gauley Bridge without any factual enhancement. Therefore, her direct claims against Gauley Bridge also fail to state a plausible claim.

For all the foregoing reasons, Defendant The City of Gauley Bridge respectfully requests that the Court GRANT its Motion and enter an Order dismissing all claims against it, with prejudice, and for all other relief the Court deems appropriate.

14121232

Dated this 28th day of February 2022.

                                    Respectfully submitted,

                                    ***/s/ Mark G. Jeffries***
                                    Montè L. Williams (WV Bar No. 9526)
                                    STEPTOE & JOHNSON PLLC
                                    P.O. Box 1616
                                    Morgantown, WV  26507-1616
                                    (304) 598-8000
                                    monte.williams@steptoe-johnson.com

                                    Mark G. Jeffries (WV Bar No. 11618)
                                    Anna V. Pugh (WV Bar No. 14094)
                                    STEPTOE & JOHNSON PLLC
                                    400 White Oaks Boulevard
                                    Bridgeport, WV 26330-4500
                                    (304) 933-8000
                                    mark.jeffries@steptoe-johnson.com
                                    anna.pugh@steptoe-johnson.com

                                    *Counsel for Defendant*
                                    *The City of Gauley Bridge*

14121232

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JANE DOE,**

    **Plaintiff**

**v.**                                                    Civil Action No. 2:21-cv-00491
                                                        (Honorable Thomas E. Johnston)

**THE CITY OF GAULEY BRIDGE and
LARRY ALLEN CLAY, JR.
Individually as a member of the
Gauley Bridge Police Department,**

    **Defendants.**

## CERTIFICATE OF SERVICE

        I hereby certify that on the 28th day of February 2022, I served an exact and true copy of "***Memorandum in Support of Defendant The City of Gauley Bridge's Motion to Dismiss***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                            Stephen P. New, Esquire
                            Russell A. Williams, Esquire
                            NEW, TAYLOR & ASSOCIATES
                            430 Harper Park Drive
                            Beckley, WV 25801
                            *Counsel for Plaintiff*

                                                    */s/ Mark G. Jeffries*
                                                    Montè L. Williams (WV Bar No. 9526)
                                                    STEPTOE & JOHNSON PLLC
                                                    P.O. Box 1616
                                                    Morgantown, WV  26507-1616
                                                    (304) 598-8000
                                                    monte.williams@steptoe-johnson.com

14121232

                                        Mark G. Jeffries (WV Bar No. 11618)
                                        Anna V. Pugh (WV Bar No. 14094)
                                        STEPTOE & JOHNSON PLLC
                                        400 White Oaks Boulevard
                                        Bridgeport, WV 26330-4500
                                        (304) 933-8000
                                        mark.jeffries@steptoe-johnson.com
                                        anna.pugh@steptoe-johnson.com

                                        *Counsel for Defendant*
                                        *The City of Gauley Bridge*

14121232