**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-2025**

---

JANE DOE,

        Plaintiff − Appellant,

   v.

THE CITY OF GAULEY BRIDGE,

        Defendant – Appellee,

   and

LARRY CLAY, JR., individually as a member of the Gauley Bridge Police Department,

        Defendant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:21−cv−00491)

---

Submitted:  August 23, 2023                                             Decided:  August 31, 2023

---

Before DIAZ, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF**: Stephen P. New, Russell A. Williams, NEW TAYLOR & ASSOCIATES, Beckley, West Virginia, for Appellant.  Montè L. Williams, Morgantown, West Virginia, Mark G. Jeffries, Anna V. Pugh, STEPTOE & JOHNSON PLLC, Bridgeport, West

Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jane Doe appeals from the district court's August 22, 2022, order granting the City of Gauley Bridge's motion to dismiss. The district court also granted the City's Rule 54(b) motion, entering a final judgment in the City's favor. Because that order doesn't meet Rule 54(b)'s requirements, we dismiss the appeal for lack of jurisdiction.

I.

Doe sued Police Chief Larry Allen Clay, Jr. and the City of Gauley Bridge, asserting several claims arising from Clay's alleged sexual abuse of Doe. The City then moved to dismiss all claims against it, and the district court granted the motion. As Doe's claims against Clay were still pending, the City moved for the entry of a final judgment in its favor under Rule 54(b) of the Federal Rules of Civil Procedure. The district court issued a short order granting the motion without explanation.

We have an independent obligation to ensure jurisdiction, even when the parties don't dispute it. *Braswell Shipyards, Inc. v. Beazer E., Inc*., 2 F.3d 1331, 1336 (4th Cir. 1993). We lack appellate jurisdiction to review a district court order that isn't "final." 28 U.S.C. § 1291. Ordinarily, a district court order isn't "final" unless it resolves all claims for all parties. *Fox v. Baltimore City Police Dep't*., 201 F.3d 526, 530 (4th Cir. 2000). But Rule 54(b) provides a mechanism for district courts to certify for immediate appeal a judgment that disposes of fewer than all claims and all parties. In an action with multiple claims or parties, the district court "may direct entry of a final judgment as to one or more,

3

but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

A Rule 54(b) determination requires two steps. First, the district court must determine that the judgment is final. *Braswell*, 2 F.3d at 1335. Second, the district court must "expressly determine[]" whether there is "no just reason for the delay in the entry of judgment." *See* Fed. R. Civ. P. 54(b); *Braswell*, 2 F.3d at 1335–36.In making the latter determination, we have instructed district courts to consider several factors. *Braswell*, 2 F.3d at 1335–36. And when the district court finds that these factors support granting the motion, it should "state those findings on the record or in its order." *Id.* at 1336.

The district court's order fails the second step. The district court didn't "expressly determine[]" that there was "no just reason for delay," nor provide any reasoning to support such a finding. Instead, the district court merely granted the City's Rule 54(b) motion without explanation. As a result, we lack appellate jurisdiction to review the appeal on the merits. *Gelin v. Shuman*, 834 F. App'x 41, 42–43 (4th Cir. 2021) (per curiam).

Given the defects in the Rule 54(b) order, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*