IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JANE DOE,**

    **Plaintiff,**

v.                                                          Civil Action No. 2:21-cv-00491
                                                            Honorable Thomas E. Johnston

**LARRY ALLEN CLAY, JR.,**
**Individually as a member of the**
**Gauley Bridge Police**
**Department,**

    **Defendant.**

### DEFENDANT LARRY ALLEN CLAY JR.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR NEW SCHEDULING ORDER

NOW COMES Defendant Larry A. Clay, Jr. and hereby submits the following supplemental response to Plaintiff's *Motion for New Scheduling Order (Doc. 88)*.

Previously, on August 24, 2022, Defendant Clay filed a *Motion to Stay All Civil Proceedings Pending Resolution of Criminal Proceedings (Doc. 71)*. This Honorable Court issued a *Memorandum Opinion and Order (Doc. 82)* granting the motion on October 31, 2022.

Mr. Clay's criminal trial began on April 25, 2023 in the United States District Court for the Southern District of West Virginia before the Honorable Judge Goodwin. Importantly, Mr. Clay did not testify at his criminal trial. On April 28, 2023, a jury returned a verdict of guilty on all counts against him. Mr. Clay's sentencing hearing is currently scheduled for June 27, 2024, after which time he intends to appeal the verdict. To the extent that Mr. Clay has yet to be sentenced and appellate proceeding have yet to commence, his criminal case is not yet concluded.

On January 22, 2024, the Court held a status conference with counsel. At that conference,

1

the Court was advised that Mr. Clay's sentencing hearing had been continued until April 2024 (it was again continued until June 27, 2024). The parties and the Court also discussed the likelihood of the Court entering a scheduling order following Mr. Clay's sentencing hearing. However, Larry Clay continues to maintain that his Fifth Amendment right against self-incrimination continues to apply through appeal. Thus, he objects to the entry of a new scheduling order and maintains that the Court should continue to stay the instant civil case until his criminal case is concluded through appeal.

The Fourth Circuit addressed the scope of the Fifth Amendment right against self-incrimination in *Taylor v. Best,* 746 F.2d 220 (4th Cir.1984). In *Taylor*, the State relied upon *Reina v. United States,* 364 U.S. 507, 513, (1960) in which the Court stated that there is "weighty authority" for the proposition that "the ordinary rule is that once a person is convicted of a crime, he no longer has the privilege against self-incrimination as he can no longer be incriminated by his testimony about said crime ...." However, the Court in *Taylor* recognized an exception to the general rule in *Reina* when the defendant's criminal conviction is pending appeal. The Fourth Circuit explained the issue as follows:

> If Taylor's conviction were overturned on appeal, post-conviction evidence, if probative and otherwise admissible, might be used against him. Therefore, it is possible that post-conviction incriminating evidence could be used against an inmate who had been convicted and sentenced but whose conviction was being appealed. In this situation, the ordinary rule referred to in *Reina* does not apply.

*Taylor*, 746 F.2d at 222 (internal citations omitted).

The Court further explained that "[T]he fifth amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, *where the answer might incriminate him in future proceedings.*'" quoting

2

*Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973) (emphasis in original). *Taylor*, 746 F.2d at 223.

While rejecting the State's position regarding the scope of the Fifth Amendment, the Court in *Taylor* ultimately found the Fifth Amendment inapplicable because the right against self-incrimination did not apply in the context of Mr. Taylor's mental evaluation where the purpose was not to extract incriminating statements, but rather to "evaluate the prisoner so that he may be assigned to the appropriate institution at the appropriate custody level with a basic program plan for treatment that fits his rehabilitation and training needs." *Taylor*, 746 F.2d at 224.

The Fourth Circuit reiterated the scope of the Fifth Amendment right against self-incrimination pending appeal in *U.S. v. Kennedy*, 372 F.3d 686, 691-692 (4th Cir. 2004). In *Kennedy*, the Fourth Circuit stated:

> We have held in no uncertain terms that a defendant's right to invoke the Fifth Amendment as to events for which he has been convicted extends to the period during which the conviction is pending appeal. *See Taylor v. Best,* 746 F.2d 220, 222 (4th Cir.1984); *accord United States v. Duchi,* 944 F.2d 391, 394 (8th Cir.1991); *Frank v. United States,* 347 F.2d 486, 491(D.C.Cir.1965). Because any post-conviction evidence could be used against a defendant if his conviction were to be overturned, the risk of coerced self-incrimination remains until the conviction has been affirmed on appeal. *See Taylor,* 746 F.2d at 222.

In the instant civil action, the purpose of litigation discovery will no doubt be to attempt to extract incriminating information from Mr. Clay while the appeal of his conviction is pending. This is precisely the type of situation where the Fifth Amendment right against self-incrimination applies through appeal pursuant to the rationale set forth in *Taylor* and *Kennedy*.

The factual allegations underlying this civil action are exactly the same as those underlying the criminal prosecution. Because any post-conviction evidence elicited in the civil case through written discovery, deposition, etc. could be used against Mr. Clay if his conviction were overturned, the risk of self-incrimination remains until his conviction has been affirmed on appeal.

For the reasons stated herein and in Defendant's *Motion to Stay All Civil Proceedings*

*Pending Resolution of Criminal Proceedings (Doc. 71)*, which was granted, Defendant Clay respectfully requests that this Honorable Court deny Plaintiff's *Motion for New Scheduling Order* as premature and to continue to extend the stay of all civil proceedings until Mr. Clay's criminal case is concluded through appeal.

                **LARRY ALLEN CLAY, JR.**
                **By Counsel**

*/s/ Cy A. Hill, Jr.*
**Cy A. Hill, Jr. (WVSB ID NO. 8816)**
**Cipriani & Werner, P.C.**
**500 Lee Street E., Suite 900**
**Charleston, WV 25301**
**(304) 341-0500**
**(304) 341-0507 (fax)**
**chill@c-wlaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JANE DOE,**

    **Plaintiff**

v.                                                                    Civil Action No. 2:21-cv-00491
                                                                       Honorable Thomas E. Johnston

**LARRY ALLEN CLAY, JR.,**
**Individually as a member of the**
**Gauley Bridge Police**
**Department,**

    **Defendant.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May 2024, I served an exact and true copy of "***DEFENDANT LARRY ALLEN CLAY JR.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR NEW SCHEDULING ORDER***" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                            Stephen P. New, Esquire
                          Emilie B. Wooldridge, Esquire
                        STEPHEN NEW & ASSOCIATES
                              430 Harper Park Drive
                                Beckley, WV 25801
                              *Counsel for Plaintiff*

                                                                    */s/ Cy A. Hill, Jr.*
                                                                    Cy A. Hill, Jr. (WVSB ID No. 8816)