# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:21-cv-00491 |
| | )   The Honorable Chief Judge Johnston |
| THE CITY OF GAULEY BRIDGE and | ) |
| LARRY ALLEN CLAY, JR., | ) |
| individually as a member of the Gauley | ) |
| Bridge Police Department, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER

**NOW COMES**, Plaintiff Jane Doe ("Plaintiff"), by counsel, and moves this Court for new deadlines pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.1(f)(1) of the Local Rules for the United States District Court for the Southern District of West Virginia for good cause as demonstrated herein. Due to the current circumstances in the case discussed below, Plaintiff moves this Honorable Court to vacate the current scheduling order and continue all deadlines, including the current trial and pretrial deadlines in this matter for a period of 180 days. Plaintiff states as follows:

1. After several delays from Defendant Clay's sentencing, on November 6, 2024, this Honorable Court entered a Scheduling Order [ECF 101] with the following deadlines:

    a. Last date to serve discovery requests - 5/19/2025 and complete all depositions by 7/1/2025.

    b. Opening Rule 26 expert disclosures - 5/2/2025.

    c. Responsive Rule 26 expert disclosures - 6/2/2025. Rebuttal Rule 26 expert disclosure - 6/17/2025.

    d. Discovery to close - 7/1/2025.

    e. Dispositive motions deadline - 7/21/2025.

    f. Response to dispositive motion - 8/4/2025.

    g. Reply to response to dispositive motion - 8/11/2025.

    h. Settlement meeting - 9/22/2025.

    i. Motion in limine deadline - 9/29/2025.

    j. Responses for motions in limine - 10/6/2025.

    k. Proposed pretrial order to defendant - 9/25/2025.

    l. Integrated pretrial order - 10/2/2025.

    m. Pretrial Conference on 11/6/2025 at 1:30 PM.

    n. Proposed jury charge - 11/10/2025.

    o. Final settlement conference on 11/6/2025 at 1:30 PM. Trial on 11/18/2025 at 9:00 AM before the undersigned.

2. Parties were actively engaged in discovery and were in the process of scheduling several depositions upon learning of Mr. Hill's Motion to Withdraw as Attorney for Defendant Clay, filed on April 29, 2025 [ECF 113].

3. Plaintiff's deposition occurred on March 7, 2025, but was suspended due to scheduling conflicts and the remainder of the deposition has yet to be taken.

4. Defendant Larry Clay was deposed on April 23, 2025.

5. Counsel for the Parties were actively working on setting several depositions to occur before July 2025.

6. Given the procedural posture of this case, if Mr. Hill's Motion is granted with significant discovery remaining, Plaintiff moves to vacate the current Scheduling Order and continue all dates and deadlines in this matter for 180 days. Additionally, a Guardian ad Litem will need to be appointed to accept service of all pleadings on behalf of the incarcerated Defendant Larry Clay.

7. Further, if Mr. Hill's Motion is granted, Defendant Clay will be required to attend depositions in this case if he does not have new counsel appointed or retained, which will require assistance with the facility Defendant Clay is currently incarcerated at, FCI Milan, in order to facilitate remote/video depositions and other logistical planning.

8. Plaintiff hereby requests that this Honorable Court appoint a Guardian ad Litem for Defendant Clay as an incarcerated individual if this Court grants Mr. Hill's Motion.

9. Plaintiff hereby requests that the current scheduling order be vacated in light of the procedural posture of this case, and set new deadlines that are attainable for counsel to fully litigate this case and logistically plan how to proceed with discovery for the good cause set herein.

10. Rule 16.1(f) of the Local Rules of the United States District Court for the Southern District of West Virginia governs extensions of Scheduling Orders entered by the Court. Specifically, Rule 16.1(f) states as follows:

> Modification of Scheduling Order.
>
> (1)   Time limits in the scheduling order for the joinder of parties, amendment of pleadings, filing of motions, and completions of discovery, and dates for conferences before trial, a final pretrial conference, and trial may be modified for good cause by order.
>
> (2)   Subject to subparagraph (3), stipulations to modify disclosure or discovery procedures or limitations will be valid and enforced if they are in writing, signed by the parties making them or their counsel, filed promptly

> with the clerk, and do not affect the trial date or other dates and deadlines specified in subparagraph (1).
>
> (3)   A private agreement to extend discovery beyond the discovery completion date in the scheduling order will be respected by the court if the extension does affect the trial date or other dates and deadlines specified in subparagraph (1).  A discovery dispute arising from a private agreement to extend discovery beyond the discovery completion date need not, however, be resolved by the court.

*L. R. Civ. P. 16.1(f)*.

11. Vacating the Scheduling Order is necessary and good cause exists for the vacation of the current Scheduling Order under the circumstances so that discovery, including written discovery, depositions, and expert disclosures, can be completed by the parties in dealing with a Defendant who is incarcerated in Michigan and whose counsel has now moved to withdraw.  Plaintiff believes it is necessary to move all dates in the current scheduling order by 180 days, at this Court's discretion in light of its schedule, so that the parties can adequately prepare their case for trial.

12. Good cause exists to extend the current deadlines due to the Parties' efforts in engaging in discovery and through scheduling depositions to meet the availability of witnesses, parties, and all counsel.

13. Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

14. "Good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in

compliance with the schedule. *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (quotation and alterations omitted). "To demonstrate good cause, a moving party must have been diligent in seeking to abide by the established deadlines in the schedule." *Culley-Brown v. Am. Petro. Partners, LLC*, No. 5:21-CV-94, 2022 U.S. Dist. LEXIS 122092, 2022 WL 2678519, at *2 (N.D.W. Va. July 11, 2022). See also, *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010) ("Under Rule 16(b), good cause exists where the moving party has diligently made efforts to meet court imposed deadlines."). "District courts have discretion to consider other factors before amending a scheduling [order], which include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the proceeding, the movant's reason for the delay, and whether the movant acted in good faith." *Jackson v. United States*, No. CV 3:14-15086, 2016 U.S. Dist. LEXIS 14764, 2016 WL 502056, at *1 (S.D.W. Va. Feb. 8, 2016).

15. Here, the Parties have complied with the Court's Scheduling Order to date and request this extension in light of the current posture of the case. There is no danger of prejudice to any party. This delay is not substantial and allows the Parties to conduct necessary discovery, including depositions. Such deposition testimony is likely to be necessary for expert witness reports. Moreover, depositions may prompt the need for new or additional written discovery.

WHEREFORE, Plaintiff requests this Court to vacate the current scheduling order, enter new deadlines that work with the Court given the current procedural posture of the case, and appoint a Guardian ad Litem for Defendant Clay if Mr. Hill's Motion is granted.

**JANE DOE,**
**By Counsel**

/s/ *Stephen P. New*
Stephen P. New (WVSB No. 7756)
Emilee B. Wooldridge (WVSB No. 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
(304) 250-6017
steve@newlawoffice.com
emilee@newlawoffice.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:21-cv-00491 |
| ) | The Honorable Chief Judge Johnston |
| THE CITY OF GAULEY BRIDGE and ) | |
| LARRY ALLEN CLAY, JR., ) | |
| individually as a member of the Gauley ) | |
| Bridge Police Department, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

### CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff does hereby certify that the foregoing *Memorandum in Support of Motion to Vacate Scheduling Order* was filed with the clerk on May 2, 2025 via the Court's CM-ECF Filing System which will provide electronic notification to all counsel of record.

                                                */s/ Stephen P. New*
                                                Stephen P. New (WVSB No. 7756)